UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YONA SOSA, *on behalf of himself and all other persons similarly situated*,

                Plaintiff,

      v.

USA MEDICAL AND SURGICAL
SUPPLIES, LLC,

                Defendant.

---

Case No. 1:20-cv-04782-JPO-GWG

## USA MEDICAL AND SURGICAL SUPPLIES LLC'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

PAGE

Introduction ...................................................................................................................... 1

Background ....................................................................................................................... 1

Discussion ........................................................................................................................ 2

   I.   Plaintiff has failed to establish standing to assert his claims ............................... 2

      A.  Legal standard under 12(b)(1) ..................................................................... 2

      B.  Plaintiff has not alleged or suffered a concrete and
          particularized injury in fact ......................................................................... 4

      C.  Plaintiff failed to establish a real and
          immediate threat of future injury ................................................................ 6

   II.  Plaintiff's Complaint fails to state a claim upon
        which relief could be granted ............................................................................. 8

      A.  Legal standard under Fed. R. Civ. P. 12(b)(6) ............................................ 8

      B.  Plaintiff failed to properly plead that USA Medical denied him
          access to its goods and services in violation of the ADA ............................ 9

Conclusion ...................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

Amidax Trading Grp. v. S.W.I.F.T. SCRL,
   671 F.3d 140 (2d Cir. 2011) ................................................................................. 3, 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ....................................................................................... 3, 8, 9

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .......................................................................................... 8, 9

Bernstein v. City of New York,
   621 F. App'x 56 (2d Cir. 2015) ........................................................................... 3, 6

Camarillo v. Carrols Corp.,
   518 F.3d 153 (2d Cir. 2008) ......................................................................... 4, 6, 11

Castillo v. John Gore Organization, Inc.,
   2019 WL 6033088 (E.D.N.Y., 2019) ...................................................................... 6

Cortlandt Street Recovery Corp. v. Hellas,
   790 F.3d 411 (2d Cir. 2015) .................................................................................. 3

Dicarlo v. Walgreens Boot Alliance, Inc., 15-cv-2919 (JPO),
   2016 WL 482982 (S.D.N.Y. Feb. 5, 2016) ...................................................... 11, 12

Dominguez v. Banana Republic, LLC,
   2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) ............................................. 6, 7, 8, 11

Dominguez v. Grand Lux Cafe LLC,
   2020 WL 3440788 (S.D.N.Y. June 22, 2020) ......................................................... 7

Feltzin v. Stone Equities, Inc.,
   2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018) ................................................... Passim

Feltzin v. Triangle Props. #1 LLC,
   2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ................................................ 4, 5, 8

Garnet v. Ramos Bros. Inc.,
   2017 WL 590323 (E.D.N.Y. Jan. 17, 2017) ........................................................... 7

Hurley v. Tozzer, Ltd.,
  2018 WL 1872194 (S.D.N.Y. Feb. 2, 2018) ............................................................... 7

Kreisler v. Second Ave. Diner Corp.,
  731 F.3d 184 (2d Cir. 2013) .............................................................................. 3, 6

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992) ........................................................................................ 3, 6

Mendez v. Apple Inc.,
  2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ........................................................... 8

Murphy v. Little Caesar Enters., Inc.,
  2020 WL 3318279 (S.D.N.Y. Jun. 18, 2020) ............................................................ 6

Noel v. N.Y. City Taxi & Limousine Comm'n,
  687 F.3d 63 (2d Cir. 2012) ................................................................................. 10

Shain v. Ellison,
  356 F.3d 211 (2d Cir. 2004) .............................................................................. 3, 6

Small v. Gen. Nutrition Cos., Inc.,
  388 F. Supp. 2d 83 (E.D.N.Y. 2005) ..................................................................... 6

Sosa v. Zara USA, Inc.,
  2020 WL 3318210 (S.D.N.Y. Jun. 18, 2020) ............................................................ 6

Spokeo, Inc. v. Robins,
  136 S. Ct. 1540 (2016) ..................................................................................... 2, 3

Thorne v. Bos. Mkt. Corp.,
  2020 WL 3504178 (S.D.N.Y. Jun. 29, 2020) ........................................................ 6, 11

Warth v. Seldin,
  422 U.S. 490 (1975) ........................................................................................... 2

West v. Five Guys Enters., LLC,
  2016 WL 482981 (S.D.N.Y. Feb. 5, 2016) .......................................................... 10, 12

West v. Moe's Franchisor, LLC,
  2015 WL 8484567 (S.D.N.Y. Dec. 9, 2015) ........................................................ 11, 12

## STATUTES

42 U.S.C. § 12103 ................................................................................................ 10, 11

iv

42 U.S.C. § 12182 ..................................................................................................... 9

42 U.S.C. §§ 12181–12189 ..................................................................................... 1

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 .................................................................................................. 8, 9

Fed. R. Civ. P. 12 ............................................................................................... 1, 8

28 C.F.R. § 36 ............................................................................................. 9, 10, 12

ADA Title III, Technical Assistance Manual .......................................................... 10

Defendant USA Medical and Surgical Supplies LLC ("USA Medical") hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint (the "Complaint").

## INTRODUCTION

In this action, Plaintiff Yona Sosa ("Plaintiff") claimed that USA Medical maintained a website, www.usmedicalsurgical.com (the "Website"), that was inaccessible to visually impaired individuals in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"), and related state and city laws. The Complaint, in its entirety, is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6).

Plaintiff lacks standing to bring suit because he has not alleged with specificity either past particularized harm or the likelihood of future harm as required to survive a Rule 12(b)(1) motion to dismiss. Further, Plaintiff failed to state a claim on which relief can be granted: He has not sufficiently alleged that USA Medical denied him equal access to its goods and services in violation of the ADA in light of his failure to take advantage of the accommodations, or auxiliary aids, offered by USA Medical. The Court should also dismiss this action pursuant to Rule 12(b)(6).

## BACKGROUND

This action concerns the Website owned and operated by USA Medical. Compl. ¶¶ 5, 23. Plaintiff alleged that he is visually impaired and legally blind. Compl. ¶ 2. Plaintiff allegedly accessed webpages with the assistance of screen-reading software. Compl. ¶¶ 2, 18, 25. The screen-reading software required that the information on a website have the capability of rendition into text. Compl. ¶ 20.

Plaintiff alleged that when visiting the Website, he "encountered multiple access barriers" that denied him a "shopping experience similar to that of a sighted person," leaving him "unable

to learn more information" about the goods for sale on the Website.  Compl. ¶¶ 26-29.  Plaintiff further alleged that these barriers prevented blind and visually impaired customers from full and equal use of the goods and services USA Medical offered on the Website.  Compl. ¶ 30.  Plaintiff commenced this lawsuit against USA Medical for its alleged "failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people" in violation of the ADA and related state and local laws.  Compl. ¶¶ 4-5.[1]

USA Medical now moves this Court to dismiss the Complaint for lack of standing and failure to state a claim upon which relief might be granted.

## DISCUSSION

### I.  Plaintiff has failed to establish standing to assert his claims.

#### A.  Legal standard under 12(b)(1)

As the party invoking jurisdiction, the plaintiff bears the burden of establishing standing.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  "[A]t the pleading stage, the

---

[1] Plaintiff is a frequent litigator in this Court.  For example, within the two-week period adjacent to the filing of this lawsuit, Plaintiff, by and through the same counsel of record in this case, filed similar lawsuits against at least 18 other website operators wherein he alleged barriers to access on their respective websites.  See Sosa v. Social Fin., No. 1:20-cv-5269 (Jul. 9, 2020); Sosa v. TK Queens, Inc., No. 1:20-cv-5254 (S.D.N.Y. Jul. 8, 2020); Sosa v. Haven Life Ins. Agency, No. 1:20-cv-5255 (S.D.N.Y. Jul. 8, 2020); Sosa v. LendingClub Corp., No. 1:20-cv-5256 (S.D.N.Y. Jul. 8, 2020); Sosa v. Musictoday II, LLC, No. 1:20-cv-5182 (S.D.N.Y. Jul. 7, 2020); Sosa v. Atl. Recording Corp., No. 1:20-cv-5185 (S.D.N.Y. Jul. 7, 2020); Sosa v. Brooklyn Fare Greenwich LLC, No. 1:20-cv-5193 (S.D.N.Y. Jul. 7, 2020); Sosa v. EBTH.com, No. 1:20-cv-5201 (S.D.N.Y. Jul. 7, 2020); Sosa v. Lo & Behold, No. 1:20-cv-5215 (S.D.N.Y. Jul. 7, 2020); Sosa v. The Glad Prods. Co., No. 1:20-cv-5222 (S.D.N.Y. Jul. 7, 2020); Sosa v. C.O. Bigelow Chemists, No. 1:20-cv-4899 (S.D.N.Y. Jun. 25, 2020); Sosa v. Weathertech, No. 1:20-cv-4901 (S.D.N.Y. Jun. 25, 2020); Sosa v. Hernandez, No. 1:20-cv-4856 (S.D.N.Y. Jun. 24, 2020); Sosa v. Local CPAP New York, LLC, No. 1:20-cv-4860 (S.D.N.Y. Jun. 24, 2020); Sosa v. Pat McGrath Cosmetics LLC, No. 1:20-cv-4863 (S.D.N.Y. Jun. 24, 2020); Sosa v. W.B. Mason Co., No. 1:20-cv-4828 (S.D.N.Y. Jun. 23, 2020); Sosa v. Electric Animal, No. 1:20-cv-04780 (S.D.N.Y. Jun. 22, 2020); Sosa v. Medical Supply Guy, No. 1:20-cv-4781 (S.D.N.Y. Jun. 22, 2020).

plaintiff must 'clearly … allege facts demonstrating' each element." Id. (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).  The plaintiff must "alleg[e] facts that affirmatively and plausibly suggest" that he satisfies each requirement of standing.  Cortlandt Street Recovery Corp. v. Hellas Telecomm., 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted).  Moreover, such facts must be pled with "sufficient specificity."  Feltzin v. Stone Equities, Inc., 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, No. 16CV6457SJFAKT, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 146–47 (2d Cir. 2011).

To satisfy Article III standing requirements, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  Spokeo, 136 S. Ct. at 1547 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).  To establish injury in fact, the plaintiff must show that he suffered a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Spokeo, 136 S. Ct. at 1548.

Because the ADA provides for only injunctive relief, Plaintiff must also show that he faces "a real and immediate threat of future injury" through specific, non-conclusory statements in order to prevail on his claim.  Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015); Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004).  In the ADA context, the Second Circuit has found the allegations sufficient to establish standing where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to

3

the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)

(citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)).

### B. Plaintiff has not alleged or suffered a concrete and particularized injury in fact.

Courts in the Second Circuit have interpreted the injury requirement as requiring

plaintiffs to identify the specific barriers they encountered and how each barrier affected them.

See Stone Equities, 2018 WL 1115135, at *11; Feltzin v. Triangle Props. #1 LLC, No. 14-cv-

5131, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016).  For example, in Feltzin v. Triangle

Properties #1 LLC, the court considered the plaintiff's claim that he had "encountered

architectural barriers" at defendant's property that "ha[d] impaired [his] ability to … access

goods and services at the premises."  2016 WL 11599264, at *5.  Specifically, the plaintiff

alleged that he was "unable to use the restrooms freely" because they lacked proper controls and

wheelchair maneuvering space.  Id.  He also alleged that he encountered parking spaces that

were not level, which "can cause Mr. Feltzin and those in wheelchairs to be tipped out of their

chairs."  Id.  The court found he nonetheless lacked standing to bring a discrimination claim

because he provided "no additional information concerning either these alleged encounters or

any resulting injuries" and failed to tether the alleged violations to any alleged injury.  Id.  The

court found its conclusion "strengthened by an examination of the phrasing with which plaintiff

introduces the list of alleged violations, which reads as a recitation of the elements of an ADA

claim that ***avoids alleging that plaintiff, himself, encountered and was injured*** by any

violation."  Id. (emphasis added).

Likewise, the Complaint in this case falls far short of satisfying the injury requirements

of Title III and the ADA.  Plaintiff failed to allege ***when*** he visited the Website and subsequently

suffered the injuries alleged in the Complaint.  Plaintiff's only allegation with respect to the

4

timing of his visits to the Website is that he "has visited the Website on separate occasions," the last of which occurred in June 2020.  Compl. ¶¶ 25-26.  These conclusory allegations "lack any specificity, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past."  Stone Equities, 2018 WL 1115135, at *9.

Further, although Plaintiff lists six generic accessibility barriers that he "encountered" "[w]hile attempting to navigate the Website," Compl. ¶¶ 27-29, he does not explain how or even whether these barriers interfered with his personal goals of using the Website.  For example, Plaintiff alleged that he encountered (1) a lack of "alt-text" on graphics that left "Defendant's visually-impaired customers… unable to determine what is on the website, browse, or make any purchases;" (2) empty links that "can cause confusion for keyboard and screen-reader users;" (3) redundant links that "result[] in additional navigation and repetition for keyboard and screen-reader users;" and (4) linked images missing alt-text, "which causes problems if an image within a link contains no text and that image does not provide alt-text."  Compl. ¶ 27.[2]  Plaintiff never pleads facts regarding how—or whether—Plaintiff himself was harmed by particular aspects of USA Medical's Website.

As in Triangle Properties, Plaintiff's claim that he "'personally encountered' each of a long list of violations amounts to no more than a conclusory recitation of the legal elements of a direct injury under the ADA."  Triangle Properties, 2016 WL 11599264, at *5; see also Stone Equities, 2018 WL 1115135, at *10 ("The Complaint's apparent purposeful attempt to circumvent any depiction of direct interaction by Plaintiff with the premises prevents Plaintiff

---

[2] Plaintiff made identical allegations in most, if not all, of the 18 other lawsuits he filed at around the same time as this one.  See n. 1.

from adequately alleging a concrete and particularized injury in fact under the ADA.").  Because Plaintiff wholly failed to "tether his laundry list of alleged violations to any alleged injury," Triangle Properties, 2016 WL 11599264, at *6, Plaintiff lacks standing to bring the claims alleged in the Complaint.

### C.  Plaintiff failed to establish a real and immediate threat of future injury.

Not only has Plaintiff failed to establish a concrete and particularized injury, he has also failed to establish a real and immediate threat of future injury.  As discussed above, plaintiffs in ADA cases "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury.'"  Bernstein, 621 F. App'x at 57 (quoting Shain, 356 F.3d at 215–16).[3] Specifically, there must be a "plausible and definitive intent to return" to the property at issue. Stone Equities, LLC,2018 WL 1115135, at *11.  Intent to return is a "highly fact-sensitive inquiry."  Bernstein, 621 F. App'x at 59 (citing Kreisler, 731 F.3d at 187–88; Camarillo, 518 F.3d at 158).  The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access."  Dominguez v. Banana Republic, LLC, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *3 (S.D.N.Y. Apr. 23, 2020) (quoting Small v. Gen. Nutrition Cos., Inc., 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005)).

A plaintiff's failure to plead any specific facts regarding past patronage, or an interest in patronage, weighs against any inference that he possesses any plausible intent to return to the property in question but for the alleged violations.  Stone Equities, 2018 WL 1115135, at *11. Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when alleged the

---

[3]  Where a court finds that a plaintiff lacks standing to bring an ADA claim, it should decline to exercise supplemental jurisdiction over the related claims brought under state and local law.  See, e.g., Thorne v. Bos. Mkt. Corp., No. 19-CV-9932 (RA), 2020 WL 3504178, at *12 (S.D.N.Y. Jun. 29, 2020); Sosa v. Zara USA, Inc., No. 19 CIV. 10958 (LGS), 2020 WL 3318210, at *3 (S.D.N.Y. Jun. 18, 2020); Murphy v. Little Caesar Enters., Inc., No. 19 CIV. 10329 (LGS), 2020 WL 3318279, at *3 (S.D.N.Y. Jun. 18, 2020).

barriers have been rectified, "is insufficient."  Small, 388 F. Supp. 2d at 87 (quoting Lujan, 504 U.S. at 564); see also Castillo, 2019 WL 6033088, at *10 (intent to attend an event at defendant's theater "as soon as Defendant fixes its discriminatory policies" is "not enough to raise a reasonable inference that she intended to visit the defendant's theater in the future").

Plaintiff failed to establish standing to bring an ADA claim because he does not offer sufficient "non-conclusory factual allegations" demonstrating a plausible intention to return USA Medical's Website.  He does not describe his interest in the Website or the goods therein, nor does he state an intent to return to the Website in the future.  At most, Plaintiff alleged that the Website's access barriers "now deter Plaintiff on a regular basis from accessing the Website." Compl. ¶ 30; see also Compl. ¶ 17 (the alleged barriers "continue to deny" Plaintiff access to USA Medical's goods and services).  The Complaint also fails to allege the sort of *general* intent to return to the Website that courts have repeatedly found insufficient.  See Banana Republic, 2020 WL 1950496, at *4 ("Plaintiff has simply not alleged enough facts to plausibly plead that he intends to 'return' to the place where he encountered the professed discrimination."); Dominguez v. Grand Lux Cafe LLC, No. 19-CV-10345 (MKV), 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020) (plaintiff "has failed to establish standing under the ADA because he does not offer any 'non-conclusory factual allegations' that demonstrate a plausible intention to return to a Grand Lux Café restaurant but for barriers to access."); Hurley v. Tozzer, Ltd., No. 15 Civ. 2785, 2018 WL 1872194, at *6 (S.D.N.Y. Feb. 2, 2018) (no standing where plaintiff provided only "general and conclusory statements" regarding his intent to return); Garnet v. Ramos Bros. Inc., No. 16-cv-2792, 2017 WL 590323, at *3 (E.D.N.Y. Jan. 17, 2017) (no standing where plaintiff said that he "continues to desire to visit the Subject Property in the future"); Stone Equities, 2018 WL 1115135, at *2, 11 (no standing where plaintiff "plan[ned] to

return to the [P]roperty once the barriers to access are corrected").

Plaintiff's allegations about his purported injuries—past and future—are general and conclusory and lack the requisite specificity.  See Amidax Trading Grp., 671 F.3d at 146 ("It is well established that [a court] need not credit a complaint's conclusory statements without reference to its factual context."); see also Triangle Properties, 2016 WL 11599264, at *5 (a court need not accept or credit allegations that amount to "no more than a conclusory recitation of the legal elements" of an injury under the ADA).  Rather than alleging a particularized injury consisting of past barriers to accessing the Website and a plausible intent to return to it in the future, Plaintiff filed a generic complaint reciting generic barriers to accessing websites.  "But the greatest asset of copy-and-paste litigation can also be its greatest weakness."  Dominguez, 2020 WL 1950496, at *4.  And here, as in Dominguez, "that weakness is fully on display; by failing to allege any nonconclusory facts of a real or immediate threat of injury, Plaintiff lacks standing to pursue injunctive relief under the ADA."  Id.; see also Mendez v. Apple Inc., No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("[t]here is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical.  But those who live by the photocopier shall die by the photocopier" where they "fail[ ] specifically to assert any concrete injury.").  Because Plaintiff lacks standing to assert a claim under Title III of the ADA, the Court should dismiss this action under Rule 12(b)(1).

## II.   Plaintiff's Complaint fails to state a claim upon which relief could be granted.

### A.  Legal standard under Fed. R. Civ. P. 12(b)(6)

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  The purpose of such a motion is

to test the legal sufficiency of the complaint.  To survive a motion to dismiss, Plaintiff must plead more than legal conclusions and bare allegations that the "defendant unlawfully harmed me." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Iqbal, 556 U.S. at 678.  Federal Rule of Civil Procedure 8 prohibits Plaintiff from relying on speculation and conclusory accusations alone.  Iqbal, 556 U.S. at 678–79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Plaintiff must provide "a short and plain statement of the claim showing the pleader is entitled to relief," and this showing must include sufficient factual allegations to provide context and plausible support for the legal conclusions.  Fed. R. Civ. P. 8(a); Twombly, 550 U.S. at 555–56, 570.  A complaint must be facially plausible, meaning that the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted).  Where the facts alleged do not permit the court to "infer more than the mere possibility of misconduct," the complaint must be dismissed."  Iqbal, 556 U.S. at 679.

### B. Plaintiff failed to properly plead that USA Medical denied him access to its goods and services in violation of the ADA.

Title III provides generally that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a) (1990).  "Full and equal enjoyment" means an individual has "an equal opportunity to obtain the same result as others."  28 C.F.R. Part 36, App'x C, Subpart B § 6.201 (1991).  Section 12182(b)(2) then sets forth a number of "[s]pecific prohibitions," including "a failure to take

9

steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."  42 U.S.C. § 12182(b)(2)(A)(iii) (emphasis added).  Auxiliary aids include "Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; *or other effective methods* of making visually delivered materials available to individuals who are blind or have low vision."  28 C.F.R. § 36.303(b)(2) (emphasis added); see also 42 U.S.C. § 12103(1) (2008).

But a public accommodation is not required to provide a customer's preferred accommodation.  The ADA requires only that a public accommodation "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1).  The public accommodation, rather than the individual, makes the ultimate decision as to what auxiliary aids or services to offer "rests with the public accommodation, provided that the method chosen results in effective communication."  28 C.F.R. § 36.303(c)(1)(ii); see also West v. Five Guys Enters., LLC, No. 15-cv-02845, 2016 WL 482981, at *1 (S.D.N.Y. Feb. 5, 2016).

For example, a retailer is not required to provide Braille versions of displayed product information if an employee is available to read the information out loud to visually impaired customers.  ADA Title III Technical Assistance Manual at III-4.3200, located at https://www.ada.gov/taman3.html.[4]  A clothing boutique is not required to have Brailled price

---

[4] The ADA Technical Assistance Manual is "persuasive authority as to the ADA's

tags if sales personnel provide price information orally upon request.  28 C.F.R. Part 36, App'x C, § 36.303 (1991).   Restaurants are "not necessarily required to have on hand large print menus" for visually impaired individuals so long as the restaurants "ensure that their menu options are effectively communicated to individuals." Camarillo, 518 F.3d at 157.  And retailers are not required to install technology that would allow a visually impaired patron to operate a soda machine independently as long as the retailer provides the customer with sufficient assistance in operating the machine.   Dicarlo v. Walgreens Boot Alliance, Inc., 15-cv-2919 (JPO), 2016 WL 482982, *2 (S.D.N.Y. Feb. 5, 2016); see also West v. Moe's Franchisor, LLC, No. 15-cv-02846, 2015 WL 8484567, *3 (S.D.N.Y. Dec. 9, 2015).

It is the plaintiff's burden to plausibly allege that the public accommodation failed to effectively communicate with him or her through the use of auxiliary aids or services.  Courts have rejected plaintiffs' allegations that "upon information and belief," defendants failed to offer sufficient auxiliary aids or services to visually impaired individuals.  For example, in Banana Republic, the court dismissed the plaintiff's claim because the plaintiff asserted "on information and belief" that the defendant did not offer any auxiliary aids or services to assist visually impaired people in using its gift cards without investigating whether that was indeed the case. See Banana Republic, 2020 WL 1950496, at *11.  See also Thorne v. Bos. Mkt. Corp., No. 19-CV-9932 (RA), 2020 WL 3504178, at *10–11 (S.D.N.Y. June 29, 2020) (same).

Even if Plaintiff has plausibly pled that the Website itself was inaccessible, he has not plausibly pled that USA Medical failed to effectively communicate with him regarding the goods for sale.  USA Medical has elected to provide *different* auxiliary aids or services sufficient to facilitate effective communication with Plaintiff.  At the top of the homepage on the Website is a

---

meaning, unless it is plainly erroneous or inconsistent with the ADA's regulations." Noel v. N.Y. City Taxi & Limousine Comm'n, 687 F.3d 63, 69 (2d Cir. 2012).

toll-free number for customers to contact for additional information.  Staffed telephonic access and support is an "effective method[] of making visually delivered materials available to individuals with visual impairments."  42 U.S.C. § 12103(1)(B).   An individualized phone call with an employee who can provide the same information available on a website is no different than a restaurant employee providing oral information about food options or a store clerk reading product information off nearby cards.   See Moe's Franchisor, 2015 WL 8484567, at *3 (dismissing complaint seeking screen reader accessibility because "Plaintiffs may be correct that technological additions…are both feasible and preferable…. [but] effective assistance from [defendant's] employees acting as 'qualified readers' is sufficient."); see also Dicarlo, 2016 WL 482982, at *2 (same).  It may be the case that only a fully accessible website could provide the effective communication necessary pursuant to Title III.  But even if that is so, Plaintiff fails to plead that he so much as attempted to discover that was the case, for example, by calling the number on the website.  Instead, when Plaintiff could not access some (unidentified) information on USA Medical's website, he filed this lawsuit.  While Plaintiff might prefer to access certain information on the website, the ADA only entitles him to effective communication—which USA Medical already provided to Plaintiff.  Five Guys Enters., 2016 WL 482981, at *1–2.  In light of the "flexible" auxiliary aid requirement, 28 C.F.R. pt. 36, App'x C, and Plaintiff's conclusory allegations, this claim also fails as a matter of law.

## CONCLUSION

For the foregoing reasons, USA Medical respectfully requests that this Court dismiss Plaintiff's Complaint, in its entirety.

Dated:  September 1, 2020   Respectfully submitted,

         **DOWD BENNETT LLP**


By: */s/ Sheena R. Hamilton*    
  Sheena R. Hamilton
  Philip A. Cantwell
  Arin H. Smith
  7733 Forsyth Blvd., Suite 1900
  St. Louis, Missouri 63105
  (314) 889-7300 (telephone)
  (314) 863-2111 (facsimile)
  shamilton@dowdbennett.com
  pcantwell@dowdbennett.com
  asmith@dowdbennett.com

  Attorneys for USA Medical and Surgical
  Supplies LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2020, the foregoing was filed electronically with the

Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel

of record.

Jeffrey M. Gottlieb
Dana L. Gottlieb
**GOTTLIEB & ASSOCIATES**
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228.9795 (telephone)
(212) 982.6284 (facsimile)
nyjg@aol.com
danalgottlieb@aol.com

Attorneys for Plaintiff Yona Sosa

*/s/ Sheena R. Hamilton*

14