UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YONY SOSA, *on behalf of himself and all other persons similarly situated*,

               Plaintiff,

     v.

USA MEDICAL AND SURGICAL SUPPLIES, LLC,

               Defendant.

Case No. 1:20-cv-04782-JPO-GWG

**USA MEDICAL AND SURGICAL SUPPLIES LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I. INTRODUCTION ............................................................................................................. ..1

II. BACKGROUND............................................................................................................... ..1

III. DISCUSSION ................................................................................................................... ..2

    A.   Legal standard under 12(b)(1) ........................................................................................2

    B.   Plaintiff has not alleged or suffered a concrete and particularized injury in fact .............4

    C.   Plaintiff failed to establish a real and immediate threat of future injury ........................6

IV. CONCLUSION................................................................................................................ ..9

# TABLE OF AUTHORITIES

Cases                                                                                                                  Page(s)

Amidax Trading Grp. v. S.W.I.F.T. SCRL,
  671 F.3d 140 (2d Cir. 2011) .................................................................................... 3, 8

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) .................................................................................................. 3

Bernstein v. City of New York,
  621 F. App'x 56 (2d Cir. 2015) ............................................................................... 3, 7

Camarillo v. Carrols Corp.,
  518 F.3d 153 (2d Cir. 2008) .................................................................................... 4, 7

Castillo v. John Gore Organization, Inc.,
  2019 WL 6033088 (E.D.N.Y. Nov. 14, 2019) ............................................................ 7

Cortlandt Street Recovery Corp. v. Hellas,
  790 F.3d 411 (2d Cir. 2015) ....................................................................................... 3

Dominguez v. Banana Republic, LLC,
  2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020) ..................................................... 7, 8, 9

Dominguez v. Grand Lux Cafe LLC,
  2020 WL 3440788 (S.D.N.Y. June 22, 2020) ............................................................ 8

Feltzin v. Stone Equities,
  2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018) ....................................................... Passim

Feltzin v. Triangle Props. #1 LLC,
  2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ............................................... 4, 5, 6, 8

Garnet v. Ramos Bros. Inc.,
  2017 WL 590323 (E.D.N.Y. Jan. 17, 2017) ............................................................... 8

Harty v. Nyack Motor Hotel Inc.,
  2020 WL 1140783 (S.D.N.Y. Mar. 9, 2020) .............................................................. 6

Hurley v. Tozzer, Ltd.,
  2018 WL 1872194 (S.D.N.Y. Feb. 2, 2018) .............................................................. 8

Kreisler v. Second Ave. Diner Corp.,
  731 F.3d 184 (2d Cir. 2013) .................................................................................... 4, 7

Lujan v. Defenders of Wildlife,
  504 U.S. 555 (1992) ................................................................................................... 3, 7

Mendez v. Apple Inc.,
  2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ............................................................... 9

Murphy v. Little Caesar Enters., Inc.,
  2020 WL 3318279 (S.D.N.Y. Jun. 18, 2020) ................................................................ 7

Shain v. Ellison,
  356 F.3d 211 (2d Cir. 2004) ...................................................................................... 3, 7

Small v. Gen. Nutrition Cos., Inc.,
  388 F. Supp. 2d 83 (E.D.N.Y. 2005) ............................................................................ 7

Sosa v. Zara USA, Inc.,
  2020 WL 3318210 (S.D.N.Y. Jun. 18, 2020) ................................................................ 7

Spokeo, Inc. v. Robins,
  136 S. Ct. 1540 (2016) .................................................................................................. 3

Thorne v. Bos. Mkt. Corp.,
  2020 WL 3504178 (S.D.N.Y. Jun. 29, 2020) ................................................................ 7

Warth v. Seldin,
  422 U.S. 490 (1975) ...................................................................................................... 3

Statutes

42 U.S.C. §§ 12181–12189 ................................................................................................ 1

Rules

Federal Rule of Civil Procedure 12(b)(1) ........................................................................... 1

Defendant USA Medical and Surgical Supplies LLC ("USA Medical") hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint.

## I. INTRODUCTION

In this action, Plaintiff Yony Sosa ("Plaintiff") claimed that USA Medical maintained a website, www.usmedicalsurgical.com (the "Website"), that was inaccessible to visually impaired individuals in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"), and related state and city laws. The Second Amended Complaint, in its entirety, is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1): Plaintiff lacks standing to bring suit because he has not alleged with specificity either past particularized harm or the likelihood of future harm as required to survive a Rule 12(b)(1) motion to dismiss.

## II. BACKGROUND

This action concerns the Website owned and operated by USA Medical. Sec. Am. Compl. ¶¶ 5, 13, 14, 23. Plaintiff alleged that he is visually impaired and legally blind. Sec. Am. Compl. ¶ 2. Plaintiff allegedly accessed webpages with the assistance of screen-reading software. Sec. Am. Compl. ¶¶ 2, 18, 25. The screen-reading software required that the information on a website have the capability of rendition into text. Sec. Am. Compl. ¶ 20.

Plaintiff alleged that when visiting the Website, he "encountered multiple access barriers" that denied him a "shopping experience similar to that of a sighted person," leaving him "unable to learn more information" about the goods for sale on the Website. Sec. Am. Compl. ¶¶ 26-35. Plaintiff further alleged that these barriers prevented blind and visually impaired customers from full and equal use of the goods and services USA Medical offered on the Website. Sec. Am. Compl. ¶ 4, 24, 26, 36. Plaintiff commenced this lawsuit against USA Medical for its alleged "failure to design, construct, maintain, and operate its website to be fully accessible to and

1

independently usable by Plaintiff and other blind or visually-impaired people" in violation of the ADA and related state and local laws.  Sec. Am. Compl. ¶¶ 4-5.[1]

On September 1, 2020, USA Medical moved to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff lacked standing to bring this action and identifying the critical deficiencies in Plaintiff's pleadings.  On September 20, 2020, Plaintiff filed his Second Amended Complaint, attempting to address those critical deficiencies by making only minor revisions.[2]  But the addition of a few vague sentences cannot save Plaintiff's case.

USA Medical again moves this Court to dismiss the Second Amended Complaint for lack of standing.

## III. DISCUSSION

### A. Legal standard under 12(b)(1)

As the party invoking jurisdiction, the plaintiff bears the burden of establishing

---

[1] Plaintiff is a frequent litigator in this Court.  For example, within the two-week period adjacent to the filing of this lawsuit, Plaintiff, by and through the same counsel of record in this case, filed similar lawsuits against at least 18 other website operators wherein he alleged barriers to access on their respective websites.  See Sosa v. Social Fin., No. 1:20-cv-5269 (Jul. 9, 2020); Sosa v. TK Queens, Inc., No. 1:20-cv-5254 (S.D.N.Y. Jul. 8, 2020); Sosa v. Haven Life Ins. Agency, No. 1:20-cv-5255 (S.D.N.Y. Jul. 8, 2020); Sosa v. LendingClub Corp., No. 1:20-cv-5256 (S.D.N.Y. Jul. 8, 2020); Sosa v. Musictoday II, LLC, No. 1:20-cv-5182 (S.D.N.Y. Jul. 7, 2020); Sosa v. Atl. Recording Corp., No. 1:20-cv-5185 (S.D.N.Y. Jul. 7, 2020); Sosa v. Brooklyn Fare Greenwich LLC, No. 1:20-cv-5193 (S.D.N.Y. Jul. 7, 2020); Sosa v. EBTH.com, No. 1:20-cv-5201 (S.D.N.Y. Jul. 7, 2020); Sosa v. Lo & Behold, No. 1:20-cv-5215 (S.D.N.Y. Jul. 7, 2020); Sosa v. The Glad Prods. Co., No. 1:20-cv-5222 (S.D.N.Y. Jul. 7, 2020); Sosa v. C.O. Bigelow Chemists, No. 1:20-cv-4899 (S.D.N.Y. Jun. 25, 2020); Sosa v. Weathertech, No. 1:20-cv-4901 (S.D.N.Y. Jun. 25, 2020); Sosa v. Hernandez, No. 1:20-cv-4856 (S.D.N.Y. Jun. 24, 2020); Sosa v. Local CPAP New York, LLC, No. 1:20-cv-4860 (S.D.N.Y. Jun. 24, 2020); Sosa v. Pat McGrath Cosmetics LLC, No. 1:20-cv-4863 (S.D.N.Y. Jun. 24, 2020); Sosa v. W.B. Mason Co., No. 1:20-cv-4828 (S.D.N.Y. Jun. 23, 2020); Sosa v. Electric Animal, No. 1:20-cv-04780 (S.D.N.Y. Jun. 22, 2020); Sosa v. Medical Supply Guy, No. 1:20-cv-4781 (S.D.N.Y. Jun. 22, 2020).

[2] This motion is timely filed because the Court granted Plaintiff's letter motion for leave to amend his Complaint on October 5, 2020.

2

standing. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "[A]t the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element." Id. (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)). The plaintiff must "alleg[e] facts that affirmatively and plausibly suggest" that he satisfies each requirement of standing. Cortlandt Street Recovery Corp. v. Hellas Telecomm., 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted). Moreover, such facts must be pled with "sufficient specificity." Feltzin v. Stone Equities, Inc., 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, No. 16CV6457SJFAKT, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 146–47 (2d Cir. 2011).

To satisfy Article III standing requirements, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, 136 S. Ct. at 1547 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). To establish injury in fact, the plaintiff must show that he suffered a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, 136 S. Ct. at 1548.

Because the ADA provides for only injunctive relief, Plaintiff must also show that he faces "a real and immediate threat of future injury" through specific, non-conclusory statements in order to prevail on his claim. Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015); Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004). In the ADA context, the Second Circuit has found the allegations sufficient to establish standing where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and

3

the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013) (citing Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)).

### B. Plaintiff has not alleged or suffered a concrete and particularized injury in fact.

Courts in the Second Circuit have interpreted the injury requirement as requiring plaintiffs to identify the specific barriers they encountered and how each barrier affected them. See Stone Equities, 2018 WL 1115135, at *11; Feltzin v. Triangle Props. #1 LLC, No. 14-cv-5131, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016). For example, in Feltzin v. Triangle Properties #1 LLC, the court considered the plaintiff's claim that he had "encountered architectural barriers" at defendant's property that "ha[d] impaired [his] ability to … access goods and services at the premises." 2016 WL 11599264, at *5. Specifically, the plaintiff alleged that he was "unable to use the restrooms freely" because they lacked proper controls and wheelchair maneuvering space. Id. He also alleged that he encountered parking spaces that were not level, which "can cause Mr. Feltzin and those in wheelchairs to be tipped out of their chairs." Id. The court found he nonetheless lacked standing to bring a discrimination claim because he provided "no additional information concerning either these alleged encounters or any resulting injuries" and failed to tether the alleged violations to any alleged injury. Id. The court found its conclusion "strengthened by an examination of the phrasing with which plaintiff introduces the list of alleged violations, which reads as a recitation of the elements of an ADA claim that ***avoids alleging that plaintiff, himself, encountered and was injured*** by any violation." Id. (emphasis added).

Likewise, the Second Amended Complaint in this case falls far short of satisfying the

4

injury requirements of Title III and the ADA.  Plaintiff fails to allege *when* he visited the Website and subsequently suffered the injuries alleged.  Plaintiff's original Complaint and First Amended Complaint merely noted that Plaintiff had "visited the Website on separate occasions," the last of which occurred in June 2020.  Compl. ¶¶ 9, 25, 26; First Am. Compl. ¶¶ 9, 25, 26.  Attempting to remedy this obvious deficiency in his Second Amended Complaint, Plaintiff did nothing to identify the "separate occasions" on which he visited the Website, instead stating only that his last visit was on June 21, 2020—the day before he filed this lawsuit.  Sec. Am. Compl. ¶¶ 25-26.  These conclusory allegations "lack any specificity, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past."  Stone Equities, 2018 WL 1115135, at *9**.**

Further, although Plaintiff lists six generic accessibility barriers that he "encountered" "[w]hile attempting to navigate the Website," Sec. Am. Compl. ¶¶ 26-35, he does not explain how these barriers interfered with his personal goals of using the Website.  For example, Plaintiff alleged that he encountered (1) a lack of "alt-text" on graphics that left "Defendant's visually-impaired customers… unable to determine what is on the website, browse, or make any purchases;" (2) empty links that "can cause confusion for keyboard and screen-reader users;" (3) redundant links that "result[] in additional navigation and repetition for keyboard and screen-reader users;" and (4) linked images missing alt-text, "which causes problems if an image within a link contains no text and that image does not provide alt-text."  Sec. Am. Compl. ¶ 28.[3]

As in Triangle Properties, Plaintiff's claim that he "'personally encountered' each of a long list of violations amounts to no more than a conclusory recitation of the legal elements of a

---

[3] Plaintiff made identical allegations in most, if not all, of the 18 other lawsuits he filed at around the same time as this one.  See n. 1.

direct injury under the ADA." Triangle Properties, 2016 WL 11599264, at *5; see also Stone Equities, 2018 WL 1115135, at *10 ("The Complaint's apparent purposeful attempt to circumvent any depiction of direct interaction by Plaintiff with the premises prevents Plaintiff from adequately alleging a concrete and particularized injury in fact under the ADA."). But Plaintiff wholly fails to "tether his laundry list of alleged violations to any alleged injury," Triangle Properties, 2016 WL 11599264, at *6.

In his Second Amended Complaint, Plaintiff added a single sentence in an attempt to address the insufficiency of his boilerplate recitations. See Sec. Am. Compl. ¶ 31. But this newly added sentence cannot save his claim. Plaintiff merely reiterates that the website contained "broken links" without identifying a single link that was broken, including whether any broken links related to the items he wished to purchase. Sec. Am. Compl. ¶ 31. Plaintiff also states that the items he wished to purchase "did not contain alternative descriptions of the products" without explaining how or why that rendered him "unable to purchase" those items. Id. These threadbare recitations fall far short of satisfying the pleading requirements. Harty v. Nyack Motor Hotel Inc., No. 19-CV-1322 (KMK), 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020) (granting motion to dismiss where plaintiff identified certain obstacles to viewing a website but failed to explain "how they impeded his navigation of the Website, or what, if anything, he was able to observe when he did attempt to access the Website"). Therefore, Plaintiff has not adequately alleged a past injury that can support his standing to maintain this suit.

### C. Plaintiff failed to establish a real and immediate threat of future injury.

Not only has Plaintiff failed to establish a concrete and particularized injury, he has also failed to establish a real and immediate threat of future injury. As discussed above, plaintiffs in

6

ADA cases "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury.'" Bernstein, 621 F. App'x at 57 (quoting Shain, 356 F.3d at 215–16).[4] Specifically, there must be a "plausible and definitive intent to return" to the property at issue. Stone Equities, LLC, 2018 WL 1115135, at *11. Intent to return is a "highly fact-sensitive inquiry." Bernstein, 621 F. App'x at 59 (citing Kreisler, 731 F.3d at 187–88; Camarillo, 518 F.3d at 158). The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." Dominguez v. Banana Republic, LLC, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *3 (S.D.N.Y. Apr. 23, 2020) (quoting Small v. Gen. Nutrition Cos., Inc., 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005)).

A plaintiff's failure to plead any specific facts regarding past patronage, or an interest in patronage, weighs against any inference that he possesses any plausible intent to return to the property in question but for the alleged violations. Stone Equities, 2018 WL 1115135, at *11. Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when alleged the barriers have been rectified, "is insufficient." Small, 388 F. Supp. 2d at 87 (quoting Lujan, 504 U.S. at 564); see also Castillo v. John Gore Organization, Inc., 2019 WL 6033088, at *10 (E.D.N.Y. Nov. 14, 2019) (intent to attend an event at defendant's theater "as soon as Defendant fixes its discriminatory policies" is "not enough to raise a reasonable inference that she intended to visit the defendant's theater in the future").

Plaintiff failed to establish standing to bring an ADA claim because he does not offer sufficient "non-conclusory factual allegations" demonstrating a plausible intention to return USA

---

[4] Where a court finds that a plaintiff lacks standing to bring an ADA claim, it should decline to exercise supplemental jurisdiction over the related claims brought under state and local law. See, e.g., Thorne v. Bos. Mkt. Corp., No. 19-CV-9932 (RA), 2020 WL 3504178, at *12 (S.D.N.Y. Jun. 29, 2020); Sosa v. Zara USA, Inc., No. 19 CIV. 10958 (LGS), 2020 WL 3318210, at *3 (S.D.N.Y. Jun. 18, 2020); Murphy v. Little Caesar Enters., Inc., No. 19 CIV. 10329 (LGS), 2020 WL 3318279, at *3 (S.D.N.Y. Jun. 18, 2020).

Medical's Website. Plaintiff merely alleges that the Website's access barriers "now deter Plaintiff on a regular basis from accessing the Website" and that he "still desires to purchase products from the Defendant and will do so as soon as the Defendant's website becomes accessible." Sec. Am. Compl. ¶¶ 34, 36; see also Sec. Am. Compl. ¶ 17 (the alleged barriers "continue to deny" Plaintiff access to USA Medical's goods and services). The Second Amended Complaint therefore alleges only the sort of *general* intent to return to the Website that courts have repeatedly found insufficient. See Banana Republic, 2020 WL 1950496, at *4 ("Plaintiff has simply not alleged enough facts to plausibly plead that he intends to 'return' to the place where he encountered the professed discrimination."); Dominguez v. Grand Lux Cafe LLC, No. 19-CV-10345 (MKV), 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020) (plaintiff "has failed to establish standing under the ADA because he does not offer any 'non-conclusory factual allegations' that demonstrate a plausible intention to return to a Grand Lux Café restaurant but for barriers to access."); Hurley v. Tozzer, Ltd., No. 15 Civ. 2785, 2018 WL 1872194, at *6 (S.D.N.Y. Feb. 2, 2018) (no standing where plaintiff provided only "general and conclusory statements" regarding his intent to return); Garnet v. Ramos Bros. Inc., No. 16-cv-2792, 2017 WL 590323, at *3 (E.D.N.Y. Jan. 17, 2017) (no standing where plaintiff said that he "continues to desire to visit the Subject Property in the future"); Stone Equities, 2018 WL 1115135, at *2, 11 (no standing where plaintiff "plan[ned] to return to the [P]roperty once the barriers to access are corrected").

Plaintiff's allegations about his purported injuries—past and future—are general and conclusory and lack the requisite specificity. See Amidax Trading Grp., 671 F.3d at 146 ("It is well established that [a court] need not credit a complaint's conclusory statements without reference to its factual context."); see also Triangle Properties, 2016 WL 11599264, at *5 (a

8

court need not accept or credit allegations that amount to "no more than a conclusory recitation of the legal elements" of an injury under the ADA). Rather than alleging a particularized injury consisting of past barriers to accessing the Website and a plausible intent to return to it in the future, Plaintiff filed a generic complaint reciting generic barriers to accessing websites. "But the greatest asset of copy-and-paste litigation can also be its greatest weakness." Dominguez, 2020 WL 1950496, at *4. And here, as in Dominguez, "that weakness is fully on display; by failing to allege any nonconclusory facts of a real or immediate threat of injury, Plaintiff lacks standing to pursue injunctive relief under the ADA." Id.; see also Mendez v. Apple Inc., No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("[t]here is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical. But those who live by the photocopier shall die by the photocopier" where they "fail[ ] specifically to assert any concrete injury."). Because Plaintiff lacks standing to assert a claim under Title III of the ADA, the Court should dismiss this action under Rule 12(b)(1).

## IV.   CONCLUSION

For the foregoing reasons, USA Medical respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint with prejudice. USA Medical's first motion to dismiss made Plaintiff aware of the deficiencies in his pleadings, yet Plaintiff was unable to cure them. Any attempt to file a third amended complaint would be futile.

9

Dated:  October 26, 2020    Respectfully submitted,

**DOWD BENNETT LLP**

By: */s/ Sheena R. Hamilton*
Sheena R. Hamilton
Philip A. Cantwell
Arin H. Smith
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
shamilton@dowdbennett.com
pcantwell@dowdbennett.com
asmith@dowdbennett.com

Attorneys for USA Medical and Surgical Supplies LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

Jeffrey M. Gottlieb
**GOTTLIEB & ASSOCIATES**
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228.9795 (telephone)
(212) 982.6284 (facsimile)
nyjg@aol.com
danalgottlieb@aol.com

Attorneys for Plaintiff Yony Sosa

                                                                */s/ Sheena R. Hamilton*